## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| NOOR MOHAMED OSMAN | § |
| | § |
| v. | § Case No. 6:06-cv-506 |
| | § |
| MICHAEL CHERTOFF, in his official | § |
| capacity as Secretary of the Department of | § |
| Homeland Security | § |

### ORDER ON DEFENDANT'S MOTION

Before the Court is Defendant Michael Chertoff's 12(b)(1) motion to dismiss this action for lack of subject matter jurisdiction or in the alternative, to remand this case to the United States Citizenship and Immigration Services (Doc. Nos. 9, 14). For the following reasons, the motion to dismiss is DENIED and the alternative motion to remand is GRANTED, with instructions.

### Background

This case arises from Plaintiff Noor Mohamed Osman's application for naturalization filed with the United States Citizenship and Immigration Services ("CIS"). Osman immigrated to the United States as a lawful permanent resident on January 24, 2002. In October 2004, Osman, in seeking to become a naturalized citizen, filed an application with CIS. In examining his application, CSI interviewed Osman on April 19, 2005, though the required background check had not been completed. Since the interview, CSI has not made a decision to grant or deny his application and the required background check by the FBI remains incomplete. Because CIS failed to make a decision within 120 days of his interview, Osman filed a complaint in this Court requesting that this Court assume jurisdiction over the matter, hold a hearing on Osman's naturalization application, and naturalize Osman.

## Subject Matter Jurisdiction

In his motion to dismiss, Chertoff argues that this Court should dismiss this case because the Court lacks subject matter jurisdiction. Further, Chertoff argues that because the naturalization application cannot be adjudicated until all mandatory background checks are complete, this case is not ripe for review.

After an applicant files an Application for Naturalization with the CIS, the CIS "shall [if not waived] conduct an investigation of the applicant." 8 C.F.R. § 334.2(a), 335.1. Once the investigation is complete, each applicant must appear before the CIS for an examination. *Id.* § 335.2(a). The decision to grant or deny the application must be made within 120 days after the initial examination of the applicant. *Id.* § 335.3(a). If the CIS fails to issue a decision within 120 days of the "examination," the applicant may seek judicial relief under 8 U.S.C. § 1447(b), which states:

> "If there is a failure to make a determination [on the application for naturalization] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand, the matter, with appropriate instructions, to the [CIS] to determine the matter."

*See Walji v. Gonzales*, No. 06-20937, 2007 WL 2685028, at * 2 (5th Cir. Sept. 14, 2007).

Chertoff asserts that the Court should dismiss Osman's complaint because 120 days has not lapsed since the "examination." In a recent opinion construing the term "examination," the Fifth Circuit held that the 120 days begins to run after the applicant interview. *Id.* at *1, *5. Here, the parties agree that 120 days have lapsed since CIS interviewed Osman. Therefore, the Court has subject matter jurisdiction over this action under 8 U.S.C. § 1447(b). Further, because the "right protected by § 1447–the right to an expeditious determination of the status–has already been

infringed, the Court finds that the matter is ripe for []consideration." *Haque v. Mukasey*, No. 07-1118, 2008 WL 191229, at * 2 (D. Kan. Jan. 16, 2008). Thus, the Court denies Chertoff's motion to dismiss.

**Remand**

Alternatively, Chertoff requests the Court to remand the case to CIS. By statute, the court "may either determine the matter or remand the matter, with appropriate instructions, to the [CIS] to determine the matter." 8 U.S.C. § 1447(b). The issue of whether to remand the case, with appropriate instructions, has already been discussed in numerous district court opinions. *See e.g.*, *Mechanic v. Dept. of Homeland Sec.*, No. H-06-3524, 2007 WL 580780, at *1-2 (S.D. Tex. Feb. 20, 2007) (slip opinion); *Attili v. FBI*, H-06-0337, 2007 WL 471124, at *2 (S.D. Tex. Feb. 9, 2007); *Arshad v. Chertoff*, No. 1:06-CV-277, 2007 WL 701185, at *2-3 (E.D. Tex. Mar. 2, 2007) (slip opinion); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842-43 (E.D. Mich. 2006); *Ahmed v. Chertoff*, H-06-MC-0417, 2006 WL 3771814, at *1 (S.D. Tex. Dec. 15, 2006) (slip opinion); *Eng v. Chertoff*, No. H-06-1302, 2006 WL 2442894, at *1 (S.D. Tex. Aug. 21, 2006); *Khan v. Chertoff*, No. CV-05-00560-PHX-SRB, 2006 WL 2009055, at *2 (D. Ariz. July 14, 2006); *Ah-Kudsi v. Gonzales*, No. CV 05-1584-PK, 2006 WL 752556, at * 3 (D. Or. Mar. 22, 2006); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683-84 (W.D. Pa. 2005); *see generally Immigration and Naturalization Service v. Ventura*, 537 U.S. 12 (2002). Having considered those cases and the parties' arguments, the Court remands the case to CIS with an instruction. *See Qazi v. Gonzales*, H-06-1574, 2007 WL 446040, at *1 (S.D. Tex. Feb. 6, 2007) (slip opinion); *Ahmed*, 2006 WL 3771814, at *1.

**Conclusion**

Accordingly, the Court ORDERS that Chertoff's motion to dismiss is DENIED and Chertoff's alternative motion to remand is GRANTED. The defendant is instructed to direct the F.B.I. to complete the required background check on Osman within the next 120 days and deliver it to CIS. CIS will then make a prompt determination on Osman's application. This case will be administratively closed, but should further review become necessary, Osman may notify the Court, and the action will be reinstated.

**It is SO ORDERED.**

**SIGNED this 18th day of March, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE